Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment in the circuit court of Warren county, for four lots in the city of Vicksburg. Various exceptions were taken in the progress of the trial to the admission and exclusion of testimony; to the charges given and refused by the *107 court; and to the refusal to grant a new trial. As the judgment will have to be reversed, we shall not notice all of the very numerous points made in the cause.
Before we proceed to consider the charges in this case, we will make some remarks in regard to the case of Brown v. Bartee, 10 S. & M. 268, which has been very much relied on by the counsel of the plaintiff in error. There Turner had executed a deed of trust to Wade, for the benefit of Bartee, and had afterwards conveyed the lots to Bartee, by what purported to be an absolute conveyance in fee simple. Wade, the trustee, afterwards sold and conveyed the lots likewise to Bartee. After the execution of the deed of trust, and before the execution of the absolute conveyance from Turner to Bartee, a judgment had been recovered against Turner, and the lots sold under the execution, after the absolute deed had been made, but before the trustee conveyed to Bartee. Brown became the purchaser at the execution sale. It was contended, that the absolute conveyance by Turner to Bartee, was a rescission of the deed of trust, and let in the judgment against Turner. There was no question involved as to the sale of an equity, when the whole interest was, in fact, in the debtor, and nothing but a naked outstanding legal title in another for his use. The truth in that case was, that the rvhole equitable interest was in the creditor, the naked legal title was in the trustee, and the debtor had neither a legal nor an equitable estate. The only point decided, therefore, was, that the purchaser under the execution got nothing, for the debtor had no title of any sort. The case comes far short of deciding, that an equitable interest, whether an equity of redemption or of any other character, cannot be sold under'execution, when the whole beneficial interest is in the judgment debtor, and nothing is outstanding but a naked legal title for his use. Some of the expressions of the court are very general, but when construed with reference to the facts before it, have a very remote, if any, bearing in this cause. They cannot relate to a case in which the trust has been extinguished by the full payment of the debt due, and the whole beneficial interest therefore is in the mortgagor, or grantor in the deed of trust, with nothing but the naked legal title in the trustee for his benefit.
*108 Our statute directs, that upon payment of a debt secured by mortgage, the mortgagee shall, “at the request of the mnrtgagor, enter satisfaction upon the margin of the record of such mortgage, which shall forever thereafter discharge,.defeat and release the same.” (Hutch. Code, 611.) When this is done, the whole legal and equitable title revest in the mortgagor, as if a formal reconveyance had been made. But until this is done, or some other mode pursued to vest him with the legal title, the mortgagor, even after payment of the debt, has but an equity. See Watson v. Dickens, 12 S. & M. 615. A deed of trust is but a species of mortgage, and is included by the statute.
In regard to the statutes for the sale of trust property under execution, (Hutch. Code, 610, H. & H. 349, 644,) this court has heretofore had occasion to pass upon them, with respect to that particular class of cases in which the vendee of lands holds a bond for title to be made upon payment of the purchase money. It is decided, that where the whole purchase money has been paid, the vendee in such case has a title and interest, which can be sold under execution at law. But if the whole purchase money be not paid, he has no such interest as can be the subject of such sale. But even in the case of a sale of such interest under execution after full payment of the purchase money, the purchaser, it is decided, must go into equity to divest the legal title, and cannot recover in ejectment, tie bought but an equity, which a court of chancery alone- could enforce. Thompson v. Wheatley, 5 S. & M. 506; Goodwin v. Anderson, Ib. 730. In cases of this kind, the original vendor stands in the situation of a mortgagee, and the vendee in that of a mortgagor. Dollahite v. Orne, 2 S. & M. 592; Graham v. McCampbell, Meigs, R. 52. The principle of these cases extends to mortgages, to the sale of an equity of redemption, or to the interest of the grantor in a deed of trust. They are all of kindred character. When the debt is fully paid, the mortgagee or trustee holds but a naked legal title for the debtor, who has the whole ■beneficial interest, which is subject to sale. But until full payment, the debtor has.no interest which can be sold. If satisfac *109 tion has been entered upon the margin of the record of the mortgage, as directed by the statute, the purchaser at execution sale obtains the legal title; if it has not been so entered, and the legal title not otherwise revested in the mortgage debtor, the purchaser gets but an equity, which must be enforced in chancery.
These principles will decide this case, when applied to it. The second charge given at the request of the plaintiff, states, that “ when the grantor in a deed of trust conveys the property afterwards to the party secured by the deed of trust, such conveyance will extinguish the deed of trust.” This charge totally j overlooks the legal title which is in the trustee. Such convey-j anee by the grantor can pass only his equitable title, and the] legal title still remains in the trustee; and until it is pnitedi with the equitable title, an ejectment cannot be sustained. This' is clear, as well from the case of Brown v. Bartee, 10 S. & M. 268, as from the other cases already cited.
The third and fourth charges lay down the doctrine, “ that if the debt secured by the deed of trust be paid or satisfied, the trust becomes extinguished, and the title absolute in the grantor, so that the title conveyed by the trust deed can no longer be considered as outstanding.” This does not accord with the principles before laid down. In such case, the interest of the grantor of the deed of trust may be reached by execution, but it is only an equitable interest, and the title of the trustee is still outstanding, unless, as before stated, something has been done which is equivalent to a reconveyance. u
The seventh, eighth and ninth charges are but variations of a single proposition; “that if both parties toan ejectment claim title through one person as a common source, the defendant will not be permitted to set up an incumbrance by such person as an outstanding title.” This proposition is too broad. The law is laid down very plainly in Doe v. Pritchard, 11 S. & M. 327. It is there said, “ the plaintiff in ejectment can only recover upon the strength of his own title, as being good against the world, or as being good against the defendant by estoppel.” The plain-, tiff in the first instance need go no farther than the title of the *110 person under whom they both claim. But the' defendant may set up a title adverse to that of such person, and if he does, the plaintiff must show such title to be invalid, or produce some superior title, or fail. The defendant may hold adversely to the debtor, because of an incumbrance. He may have the title of the incumbrancer as well as of the debtor; and if he have, we see no reason why he may not oppose it to the plaintiff. The case referred to of Robinson v. Parker, 3 S. & M. 114, was against the judgment debtor himself. As to him there was an estoppel, and he was therefore not permitted to set up an outstanding title.
To prevent misapprehension, it may be well to remark, that in the case of Thornhill v. Gilmer, 4 S. & M. 163, in which it was held that an equity of redemption was not the subject of seizure and sale under execution at law, the mortgage debt had not been paid at the time of the sale.
We shall not examine the other questions made in argument, because they may not again arise. The case will be reversed and remanded, and the plaintiff can use his discretion as to farther proceedings.
Judgment reversed, and cause remanded.